ANTONIA RIEDER DE MARXUACH, Plaintiff and Appellant, *v.* JUAN TORRUELLA CORTADA, Defendant and Appellee.

No. 6681. Argued November 8, 1934.—Decided November 30, 1934

*A. Arnaldo Sevilla* and *F. Parra Capó* for appellant. *José A. Poventud* and *Alberto S. Poventud* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

This is an action brought by Antonia Rieder de Marxuach against Juan Torruella Cortada wherein $38,000 are claimed as compensation for cutting down trees in a property which belonged to the plaintiff. The security of the judgment being prayed in the amount of $8,000, the court, upon furnishing bound for the same amount, ordered on April 5, 1933, a writ of attachment to be issued against the property of Juan Torruella Cortada. The attachment being levied in the requested manner, the defendant moved for a decree of nullity thereof. Upon hearing the parties, the court, on April 18, 1933, granted ten days to amend the bond, at the request of the plaintiff herself, reserving its decision as to the motion to annul the attachment, which it annulled on the 24th day of the same month and year.

On May 3, 1933, the plaintiff requested and obtained permission to withdraw the bond furnished from the record so as to return the same to the surety company, and on that same day R. Porrata Doria subscribed a new bond before a notary in his capacity as attorney in fact of the Great American Indemnity Co. On the ground that the attachment previously levied had been declared void and without any effect whatsoever, and considering the order which decreed the attachment and the bond to be in force, the plaintiff requested on August 23, 1933, a new order from the court providing for the issuance by the clerk of a writ to the marshal for the attachment of property of the defendant to secure in the amount of $8,000, the effectiveness of the judgment that might be rendered in the case.

The bond executed on May 3, 1933, appears to have been filed in the office of the clerk on the same 23rd day of August on which the new order was moved for, so that the writ of attachment on the property of the defendant might be issued by the clerk. This bond was approved by the judge of the lower court on the same day of its filing, and reads, in part, as follows:

"Whereas, the plaintiff has further prayed that the security of the effectiveness of the judgment that may be rendered in his favor be decreed by the attachment of sufficient property of the defendant to cover the sums claimed, to which the court has acceded, requiring him to previously furnish a bond for the sum of EIGHT THOUSAND DOLLARS ($8,000) to account to the defendant for the damages that may be sustained in consequence of the attachment to be levied on his property.

"Now THEREFORE: We, Antonia Rieder de Marxuach as principal, and the GREAT AMERICAN INDEMNITY COMPANY, as surety, bind ourselves and become liable up to EIGHT THOUSAND DOLLARS ($8,000) which we shall jointly and severally pay to the defendant Juan Torruella y Cortada, his heirs, successors, or assigns in whole or in the amount that may be necessary to give him compensation for the damages that may be sustained by him in consequence of the attachment to be levied on his property to secure the effectiveness of the judgment which may be rendered in favor of the plaintiff."

In deciding the plaintiff's motion praying for an order directing the clerk to issue a writ of attachment to the marshal, the lower court issued the order which follows:

"The trial judge, decrees and orders, as has been requested, that a writ be issued to the marshal that he may attach property of the defendant to secure in the amount of $8,000 the effectiveness of the judgment that may be rendered in this case."

The foregoing order was rendered on August 23, 1933, immediately upon the filing of the plaintiff's motion.

On January 2, 1934, the plaintiff filed a motion wherein she alleged, among other things, that the attachment decreed by means of an $8,000 bond had not been levied, that Juan Torruella Cortada had a $7,336.13 credit against the plain-

tiff herself by virtue of a judgment rendered in favor of the defendant and against the plaintiff in the civil Suit No. 7176, and prayed for an order from the court providing that in order to secure the effectiveness of the judgment in the amount of $8,000, an attachment be levied on every title, right or interest of Juan Torruella Cortada in the credit referred to, and that the defendant be prohibited from alienating said credit and from executing the judgment referred to, rendered on January 11, 1932. The court issued an order in the terms prayed for by the plaintiff, so that the corresponding writ of attachment would be issued by the clerk to the marshal. The defendant moved that the attachment levied by the marshal by virtue of the writ issued by the clerk of the court, be quashed, among other reasons, because the bond of August 23, 1923, appearing of record, was not filed nor approved on issuing the new and last order of attachment of January 2, 1934, or subsequently to the same, because said bond cannot be chargeable with the consequences of the last attachment decreed on the date hereinbefore mentioned, and because at any event, a judgment is not subject to attachment nor to the prohibition to which rule $h$ (sec. 2) of the Act to secure the effectiveness of judgments is reduced.

In her written argument opposing the nullity of the attachment, the plaintiff maintains the validity thereof as well as of the bond given, and says that it is proper to modify the attachment levied, to the effect of making said attachment comply with letter $b$, and not $h$, of the Act to secure the effectiveness of judgments referred to, and to have the attachment limited to the judgment credit, striking out the prohibition from executing the attached credit. The court denied the motion to annul the attachment, but upon the filing of a motion for a rehearing by the defendant, it held a new hearing to which both parties appeared and then issued the following order:

"In view of the motion . . . wherein the rehearing of the order issued on March, 5, 1934 is prayed; the court, after a new study of the question and in view of Section 1726 of the Civil Code (1930 ed.) and Manresa's commentaries on the Civil Code, volume 12, pages 225 to 234, is inclined to believe that the bond approved on August 23, 1933 does not secure the consequences of the last attachment decreed by the order of January 2, 1934, and hence the giving of a new bond in the sum of $8,000 in relation with the last order of attachment dated January 2, 1934, lies.

"And in view of *Pontón* v. *Huertas,* 44 P.R.R. 607, and in consideration of the statement made by the attorney for the defendant at the hearing, to wit: 'That in case the attachment were sustained, he is willing to have the prohibition of executing the judgment stricken out, provided that all the money obtained from the execution of the judgment is deposited in court'; the court, desiring that the rights of both parties in this case be secured, and hereby deciding the motion for rehearing, orders and decrees as follows:

"That if the plaintiff gives, within a term of 10 days, a new bond in the sum of $8,000 to account to the defendant for the damages that may be sustained by him by reason of the order of attachment of January 2, 1934, the attachment levied on the same date, January 2, 1934, in the civil action number 7176 shall remain in force, but modified to the effect of striking out therefrom the prohibition of executing the judgment rendered on January 11, 1932, in the case number 7176, said attachment being further modified to the effect that all the money which may be obtained from the execution of said judgment shall be deposited in court.

"And that if the plaintiff fails to give within the term of 10 days the above mentioned bond, the attachment levied on January 2, 1934 in the case number 7176 shall be annulled and without any force or effect.

"Ponce, P. R., March 13, 1934."

The plaintiff appealed from this order, urging that error has been committed therein.

"FIRST: in holding that the bond approved on August 23, 1933 does not secure the consequences of the last attachment decreed by the order of January 2, 1934, and hence that the giving of a new bond in the sum of $8,000 in relation with the last order of attachment dated January 2, 1934, lies.

"Second: in decreeing that if the plaintiff fails to give within the term of 10 days a new bond in the sum of $8,000 to account to to the defendant for the damages that may be sustained by him by reason of the order of attachment of January 2, 1934, the attachment levied on January 2, 1934 in the civil action number 7176 shall be annulled and without any legal value; and

"Third: in decreeing and ordering that in case the new bond be given, the attachment levied on January 2, 1934, in the civil action number 7176, shall remain in force, but modified to the effect of striking out therefrom the prohibition of executing the judgment rendered on January 11, 1932, in the civil action 7176, said attachment being further modified to the effect that all the money which may be obtained from the execution of said judgment shall be deposited in court."

The appellant has desisted from the third error on the ground that the credit existing in favor of the defendant by virtue of the judgment against the plaintiff and affected by the attachment, has been paid, that the amount of the credit, $7,000, has been deposited in court in accordance with the order issued, that the error assigned to the lower court becomes academic, and that she desists therefrom for that reason. The appellee thinks that the appellant should be considered as having abandoned the appeal as a whole, because "by paying the judgment which she had attached on the appellee and accepting its deposit in court, she has complied therewith and accepted the benefits of the order which she now seeks to attack through the present appeal." According to the defendant, a litigant who accepts the benefits, or a substantial part of the benefits of a judgment or decree is estopped from rejecting the same or avoiding its effects. The jurisprudence cited by the defendant happens to be inapplicable. The errors pointed out by the appellant raise entirely different questions. In the first and second errors it is claimed that the court erred in holding that the bond approved on August 23, 1933, does not secure the consequences of the last attachment decred, and in deciding that if the plaintiff fails to give a new bond within a

term of ten days, the attachment levied shall be annulled and without any value. In the desisted error it is claimed that the court erred in ordering that if a new bond is given the attachment levied shall remain in force, but modified to the effect of striking out therefrom the prohibition executing a certain judgment, the amount of which shall be deposited in court in case of execution.

The fact that the plaintiff has desisted from the error assigned to the lower court in a pronouncement which, by the way, was suggested by the plaintiff herself, cannot render into an academic question such a completely different one as that relating to the effect of the bond on the attachment lastly decreed. The question is so clear, in our opinion, that it does not call for argument.

■ The defendant also urges that the appeal should be dismissed because the third subdivision of Section 295 of the Code of Civil Procedure ''authorizes an appeal from an order dissolving or refusing to dissolve an attachment, but such a statutory provision refers to the case where an order of attachment is dissolved, quashed, or vacated, that is, to the order decreeing the attachment and not the levy which the marshal subsequently accomplishes by virtue of the writ he receives in compliance with that order.'' In the instant case the court directed the attachment levied to be annulled and without any value or effect in case a new bond were not given by the plaintiff within the term of ten days. This is an order dissolving an attachment and it is clearly within the provisions of the Code of Civil Procedure.

The defendant also claims that the appeal taken is frivolous since a discretional question of the lower court is dealt with. We are of opinion that the appeal taken by the plaintiff cannot be rated as frivolous, should the bond filed on August 23, 1933, be good to account to the defendant for the second and last attachment decreed.

■■ The first and second errors are related to the order of the court requiring a new bond and decreeing the nullity

of the attachment in case the same were not filed within the time prescribed. The lower court is inclined to believe that the bond approved on August 23, 1933, does not secure the consequences of the attachment decreed in the order of January 2, 1934. The court bases its order on Section 1726 of the Civil Code, 1930 edition, according to which, the security is not presumed, but it must be express and can not be extended further than that specified therein. Manresa's commentaries on the Civil Code, volume 12, pages 225–234 are also cited. We agree in that the liability on a bond cannot be construed in an extensive sense, amplifying the same further than what is therein contained according to the terms thereof, in that a bond is to be strictly or restrictively construed, and in that this rule applies to the bonds furnished where an attachment is decreed to secure the effectiveness of a judgment (*National Surety Co.* v. *Jean*, 36 Fed. (2d) 468, 68 Am. Law Rep. 1327) ; but we do not think that there is need to apply these principles in this case where the bond itself clearly shows that it covers under its terms the only attachment levied after the same was given. The bond was furnished on May 3, 1933, after the attachment originally levied was annulled. The representative of the surety company states under oath that he has knowledge of the security of the effectiveness of the judgment and that he signs the document in his capacity as attorney in fact of the Great American Indemnity Co. The appellee argues that the bond furnished on May 3, 1933, refers to the dissolved attachment, without the surety company having then in mind the new order of attachment which was issued on January 2, 1934. A reading of the bond dissipates any doubt as to the defendant's scruples.

█ The appellee thinks that the bond executed on May 3, 1933, refers to the attachment dissolved on April 24, inasmuch as it is therein declared that the plaintiff has moved for an order to secure the effectiveness of the judgment; to which the court has acceded, and on the date the document

was executed, the court had only acceded to decree the attachment which was later dissolved. In deciding the plaintiff's motion to secure the effectiveness of the judgment, the court ordered on March 5, 1933, that a writ of attachment be issued against the property of the defendant, upon the giving of a bond for $8,000. The attachment levied was dissolved because the court *a quo* thought that another attachment could not be levied upon a previous one; but it is evident that the court authorized the security of judgment the moment it fixed the bond and decreed the attachment, and that the nullity of what the marshal did in carrying out the order of the clerk cannot set aside what was provided by the court as to the security of judgment. At the time the second and last bond was executed, the surety company and the plaintiff knew that the attachment which was later dissolved had been levied and bound themselves to give compensation to the defendant, not for the damages that may be sustained by him in consequence of the attachment levied, but for "the damages that may be sustained by him in consequence of the attachment to be levied on his property" etc. The liability is contracted in order to account for the damages that may be sustained in consequence of something to be done, not for what is already done; for the attachment which the plaintiff intends to levy, not for the one already levied and dissolved by the court. It is clear that the execution of the bond should precede the issuance of the writ of attachment. In the instant case the bond was executed after an order had been issued fixing a bond of $8,000 for the attachment of the defendant's property, and before the writ had been issued by the clerk. The appellee argues that an amendment to a former bond is involved. In our opinion a new bond is dealt with, but even though an amendment were involved, the original bond was executed to account for the damages of the attachment that was to be levied by virtue of the original order of the lower court, and inasmuch as

the attachment levied had been dissolved, the original bond which was subsequently amended would have secured any other attachment levied in order to render the order of the court effective.

In moving for the issuance by the court of a new writ of attachment, the appellee was based on the original order decreeing the attachment and the bond, which order, to judge by his own words, he considered to be in force. That the court understood it to be so is shown by the fact that it did not fix a bond for the levying of the new attachment, which shows that it considered the previously fixed bond to be in full force and effect. The court approved the bond on the same day the order was decreed. The attachment was not then levied, and on January 2, 1934, the plaintiff requested and obtained an order directing an attachment to be levied in the requested manner. In issuing this order the court only repeated and ratified the orders formerly issued as regards the security of the judgment by means of attachment. The fact that the plaintiff specified the property to be attached and the manner in which the attachment was to be decreed has nothing to do with the liability contracted by the sureties. All bonds have a common purpose: to guarantee to the defendant that all damages suffered by him by reason of the security of judgment shall be paid to him. An attachment may be levied one way or another. The bond secures the consequences resulting from the attachment that may be levied on the property of the defendant. The attachment had been decreed upon furnishing a bond for $8,000, and, once this requisite had been complied with, the party was entitled to the security of the judgment. We are of opinion that the lower court committed error in voiding the attachment in case the new bond were not given, for the reason that it was inclined to believe that the second and last bond approved does not secure the consequences of

the last attachment. In our judgment it clearly appears that the second bond secures to the defendant the consequences of the attachment referred to.

The order appealed from must be reversed.